FILED
BILLINGS DIV.

**IN THE UNITED STATES DISTRICT COURT** 2008 APR  2  AM 10 12

**FOR THE DISTRICT OF MONTANA** PATRICK E. DUFFY, CLERK

BY _____

**BILLINGS DIVISION** DEPUTY CLERK

| | |
|---|---|
| **ARTHUR M. RODENBERGER,** | |
| **Plaintiff,** | **CV-07-99-BLG-RFC-CSO** |
| **vs.** | **FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |
| **MICHAEL J. ASTRUE, Commissioner of Social Security,** | |
| **Defendant.** | |

Plaintiff Arthur M. Rodenberger ("Rodenberger") initiated this action to obtain judicial review of the Defendant Commissioner of Social Security's ("Commissioner's") determination, upon continuing disability review, that Rodenberger was no longer disabled.

On October 11, 2007, by Order of United States District Judge Richard F. Cebull, this case was referred to the undersigned for all pretrial proceedings (*Court's Doc. No. 8*) including submission of proposed findings and recommendations. Pending before the Court are Rodenberger's motion for summary judgment (*Court's Doc. No. 12*) and the Commissioner's motion for summary judgment (*Court's Doc. No. 19*). Having considered the issues presented by the parties, the Court recommends remanding this matter to the Commissioner.

## I.   BACKGROUND

Rodenberger filed an application for Disability Insurance Benefits (" DIB") under

§§ 216 and 223 of Title II of the Social Security Act ("the Act), 42 U.S.C. §§ 416(I), 423, on May 13, 2003. *Tr. at 15, 55-57.* On October 15, 2003, the Social Security Administration ("SSA") found that Rodenberger had been disabled as of April 21, 2003. *Tr. at 15,46.*

On March 8, 2005, pursuant to a continuing disability review, the Commissioner determined that Rodenberger was no longer disabled as of March 1, 2005. *Tr. at 15, 48-49, 51-53.* On July 13, 2006, pursuant to Rodenberger's request, a hearing was held before an Administrative Law Judge ("ALJ"). *Tr. at 15.* Rodenberger appeared with counsel at the hearing, and testified along with medical and vocational experts and his case manager. *Tr. at 15.* On September 21, 2006, the ALJ issued a decision that Rodenberger was not disabled within the meaning of the Act as of March 1, 2005. *Tr. at 12-29.*

On May 11, 2007, the Appeals Council denied Rodenberger's request for review of the ALJ's decision. *Tr. at 6-9.* The denial made the ALJ's decision the Commissioner's final decision for purposes of judicial review. 20 C.F.R. §§ 404.981, 416.1481 (2007). On July 10, 2007, Rodenberger filed this action. *Court's Doc. No. 1.*

## II.   **THE PARTIES' ARGUMENTS**

Rodenberger requests that the Court reverse the Commissioner, or alternatively, remand for a new hearing. *Pl.'s MSJ (Court's Doc. No. 12).* First, Rodenberger argues that the Commissioner erred in finding that Rodenberger's impairments no longer met a listed impairment, and consequently, that Rodenberger's improvement was related to

his ability to work.  *Br. in Support of Pl.'s MSJ (Court's Doc. No. 13) at 4.*

Second, Rodenberger argues that the Commissioner erred in failing to consider

whether Rodenberger's mental impairments equalled Listings §§ 12.02 and 12.04.  *Id.*

*at 18.*

Finally, Rodenberger argues that the Commissioner erred in failing to address

the observations of Rodenberger's ex-wife Barbara Capito ("Capito"), his case manager

Jinell Bal ("Bal"), and a Social Security representative.  *Id. at 19.*  Rodenberger argues

that these observations constitute lay testimony regarding his symptoms which is

"competent evidence that an ALJ must take into account unless the ALJ gives reasons

germane to each witness for disregarding the evidence."  *Id.*

The Commissioner argues that substantial evidence supports the decision that

Rodenberger was no longer disabled as of March 1, 2005, and thus that decision must

be affirmed.  The Commissioner recites evidence he believes supports the ALJ's

determination that Rodenberger's previously disabling mental impairment no longer met

or equaled the requirements of a listed impairment.  *Id. at 6-12.*  The Commissioner

also argues that the evidence supports the ALJ's conclusion that Rodenberger's mental

and cardiac disorders had medically improved, *Id. at 13-14*, and that this improvement

was related to Rodenberger's ability to work.  *Id. at 14-20.*

The Commissioner also argues that the ALJ's failure to address certain lay

witness reports and testimony is harmless error.  *Id. at 19.*

The Commissioner finally argues that the ALJ's consideration of the medical

equivalency of Rodenberger's impairments was sufficient, and that Rodenberger did not

-3-

meet his burden of suggesting how the medical evidence establishes medical equivalency to a listed impairment. *Id. at 23 - 24.*

In reply Rodenberger reiterates that (1) his impairments meet impairments in the regulatory listings; (2) the ALJ failed to consider whether Rodenberger's mental impairments were equivalent to a listed impairment; and (3) the ALJ improperly failed to consider lay evidence, including also the June 21, 2006, letter of state rehabilitation counselor Colleen Brushard. *Pl.'s Response (Court's Doc. No. 22).*

## III.   STANDARD OF REVIEW

This Court's review is limited.  The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error.  Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002)(citations and internal quotation marks omitted).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); Andrews v. Shalala, 53 F.3d 1035,1041 (9th Cir. 1995).  Substantial evidence also has been described as "more than a mere scintilla" but "less than a preponderance."  Sandegathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).  The District Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion.  Green v. Heckler, 803 F.2d 528, 530 (9th Cir. 1986) (citing Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985)).  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.  "Where the evidence is susceptible to more than one rational interpretation, one of which supports

the ALJ's decision, the ALJ's conclusion must be upheld." <u>Thomas</u>, 278 F.3d at 954

(citation omitted).

## IV.    BURDEN OF PROOF

A claimant is disabled for purposes of the Social Security Act if: (1) the claimant

has a "medically determinable physical or mental impairment which can be expected to

result in death or which has lasted or can be expected to last for a continuous period of

not less than twelve months," and (2) the impairment or impairments are of such

severity that, considering the claimant's age, education and work experience, the

claimant is not only unable to perform previous work, but the claimant cannot "engage

in any other kind of substantial gainful work which exists in the national economy."

<u>Schneider v. Commr. of Soc. Sec. Admin.</u>, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42

U.S.C. §1382(a)(3)(A)-(B)).

In determining whether a claimant is disabled, the Commissioner follows a five-

step sequential evaluation process.  <u>Corrao v. Shalala</u>, 20 F.3d 943, 946 (9th Cir. 1994)

(citing 42 U.S.C. § 1382C(a)(3)).

1.    The claimant must first show that he or she is not currently engaged in
substantial gainful activity.  <u>Id.</u>

2.    If not so engaged, the claimant must next show that he or she has a
severe impairment.  <u>Id.</u>

3.    The claimant is conclusively presumed disabled if his or her impairments
are equivalent to one on the list of impairments that the Commissioner
acknowledges are so severe as to preclude substantial gainful activity.

4.    If the claimant does not have a listed impairment, then the claimant must
establish a prima facie case of disability by showing an inability to engage
in past work because of the medical impairments.  <u>Corrao</u>, 20 F.3d at 946.

5.      Upon such a showing, the burden then shifts to the Commissioner to prove that plaintiff can engage in other types of substantial gainful work existing in the national economy given the claimant's age, education, work experience and residual functional capacity (RFC).  Jones, 760 F.2d at 995.

If the Commissioner finds that a claimant is disabled or not disabled at any point in this process, the review process is terminated.  Corrao, 20 F.3d at 946.

In reviewing a commissioner's determination that a claimant has medically improved, the ALJ follows an eight-step continuing disability review (CDR) sequential evaluation process.  20 C.F.R. §404.1594(f)(1)-(8).  This process requires the ALJ to consider, in sequence, whether Rodenberger:

1.      was working;

2.      had an impairment that met or equaled the requirements of a listed impairment;[1]

3.      the Plaintiff experienced medical improvement in his condition;

4.      had medical improvement related to his ability to work;

5.      if there is no medical improvement, or if medical improvement is unrelated to ability to work, whether certain exceptions apply;

6.      if the medical improvement is related to the ability to work, whether he had a severe impairment;

7.      could perform work he performed in the past; or

8.      whether there was other work he could perform.

Id.

---

[1]For listed impairments, see 20 C.F.R. part 404, subpt. P, app. 1.

In connection with the possible termination of benefits, medical improvement "must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with [plaintiff's] impairment(s)."  20 C.F.R. § 416.994(b)(1)(I).  A medical improvement is only related to a plaintiff's ability to work "if there has been a decrease in the severity ... of the impairment(s) present at the time of the most recent favorable medical decision <u>and</u> an increase in [plaintiff's] functional capacity to do basic work activities[.]"  20 C.F.R. §416.994(b)(1)(iii)(emphasis in original).  A determination that medical improvement related to an ability to do work has occurred does not necessarily mean that a disability will be found to have ended unless it is also shown that the individual is currently able to engage in substantial gainful activity. Id.

Finally, once a claimant has been found disabled, the claimant is entitled to a presumption of disability, and the Commissioner bears the burden of producing evidence of improvement.  <u>Murray v. Heckler</u>, 722 F.2d 499, 500 (9th Cir. 1982).  This evidence is reviewed under the substantial evidence standard.  <u>Id.</u>

## V.    DISCUSSION

The Court concludes, for reasons set forth below, that the ALJ erred in his treatment of certain lay witness evidence favorable to Rodenberger.  Accordingly, the Court will recommend remand.  The Court also concludes, however, that the ALJ did not err in his treatment of medical equivalency.

### A.    Lay Witness Testimony

Lay witness testimony regarding a claimant's ability to work "*is* competent evidence and therefore *cannot* be disregarded without comment." <u>Stout v.</u>

–7–

Commissioner, 454 F.3d 1050, 1053 (9th Cir. 2005) (emphasis in original) (quoting

Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996)); see also Lewis v. Apfel, 236

F.3d 503, 511 (9th Cir. 2001) ("Lay testimony as to a claimant's symptoms is competent

evidence that an ALJ must take into account[.]").  The ALJ may discount lay testimony,

but must "expressly determin[e] to disregard such testimony and giv[e] reasons

germane to each witness for doing so." Lewis, 236 F.3d at 1053.  Further, if an ALJ

fails to address competent lay testimony favorable to the claimant according to this

standard, "a reviewing court cannot consider the error harmless unless it can

confidently conclude that no reasonable ALJ, when fully crediting the testimony, could

have reached a different disability determination." Stout, 454 F.3d at 1056.

    In Stout, the court held that the ALJ erred where the ALJ's opinion made only

one passing reference to testimony from the claimant's sister and brother-in-law

regarding the claimant's difficulty working.  Id. at 1054.  The court could not conclude

that this error was harmless because "fully credited, the lay testimony supports a

conclusion that [Claimant's] mental impairments render him in need of a special

working environment which... a reasonable ALJ could find precludes [Claimant] from

returning to gainful employment." Id. at 1056.

    Here, the Commissioner acknowledges "the ALJ did not expressly provide

reasons for discounting Barbara Capito's reports and testimony in his decision[.]" *Def.s'*

*Br. in Support of MSJ at 19.*  Ms. Capito filed three separate reports regarding

Rodenberger's difficulty functioning.  The dates of the reports are September 2003,

December 2004, and May 2005.  *Tr. at 70-78, 103,110, 141-149.*  Ms. Capito

submitted the first report in support of Rodenberger's initial application for benefits, which was successful.  Thus, the latter two reports are more relevant to the question of continuing disability.

On December 17, 2004, Ms. Capito reported, among other things, that Rodenberger was frustrated and anxious, and could not "be around people (even family) for any length of time before he is ansy [*sic*]."  *Tr. at 108.*  Ms. Capito added, "concentration is impaired he doesn't remain on task, he wonders and doesn't understand things.  I help him with paperwork and figuring things out."  *Id.*  Likewise, on May 31, 2005, Ms. Capito, though acknowledging Rodenberger's improvement since his injury, stated that Rodenberger "cannot hold a job he doesn't and can't stay on task, he gets confused, has a very short concentration level and forgets a lot."  *Tr. at 148.*

The Court cannot conclude that, if Ms. Capito's testimony is fully credited, no reasonable ALJ could find that Rodenberger's improvement was unrelated to his ability to work and that Rodenberger continued to meet the criteria for a listed impairment. Accordingly, the Court cannot conclude that the ALJ's error in failing to consider Ms. Capito's competent lay testimony as to Rodenberger's symptoms and limitations was harmless.

Likewise, the ALJ's opinion does not mention Montana Department of Public Health & Human Services Certified Rehabilitation Counselor Colleen Brushard's June 21, 2006, letter to Rodenberger.  In the letter, Ms. Brushard states that Rodenberger's employment options were "not very good", and that Rodenberger's issues associated

with his personality disorder and traumatic brain injury interfered with his ability to get along with others and his ability to "organize [his] activities and attend to business." *Tr. at 179.* Ms. Brushard concluded "[s]ince employment is an integral part of our services I do not see a point in keeping your file open." *Id.*

Again, the Court cannot conclude that no reasonable ALJ, crediting Ms. Brushard's opinion, could find that Rodenberger remained disabled and unable to work. Thus, the Court cannot conclude that the ALJ's error in this regard was harmless.

Because it is the ALJ's responsibility to determine credibility and resolve conflicts in testimony and ambiguities, however, the Court does not find that the ALJ erred in his treatment of Jinell Bal's testimony. See Lewis, 236 F.3d at 509. The ALJ devoted two brief paragraphs to explain his reasons for discrediting portions of Ms. Bal's testimony. *Tr. at 27.* The ALJ cites Rodenberger's score on a memory index and certain positive remarks Ms. Bal made in a written report. *Tr. at 114, 531.* The "germane reasons" standard does not require more of the ALJ. See Id., 236 F.3d at 511-12.

Likewise, the Court agrees with the Commissioner that the SSA "report of contact" is simply the SSA representative's recording of Rodenberger's telephonic representations. *Tr. at 140.* Thus, it is not competent lay testimony favorable to Rodenberger that the ALJ was required to expressly consider.

Whether to remand for additional administrative proceedings or reverse for an award of benefits is within the Court's discretion. Harman v. Apfel, 211 F.3d 1172, 1176 (9th Cir. 2000). "[R]emand is proper where additional administrative proceedings could remedy defects." Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). Because

the Court cannot conclude that "the Commissioner would have been compelled to find [the Claimant] disabled" if not for the ALJ's error, the Court will recommend remand rather than reversal for payment of benefits.  Lester v. Chater, 81 F.3d 821, 825 (9th Cir. 1995).

## B.    Medical Equivalency

The Commissioner considers whether a claimant's impairments equal a listed impairment.  20 C.F.R. § 404.1520(a)(4)(iii).  The Commissioner may consider medical equivalence in three ways, 20 C.F.R. § 404.1526(b), and must consider impairments in combination.  Lester, 81 F.3d at 829.  The Ninth Circuit has found legal error when an ALJ did not expressly assess in combination physical and mental impairments which were "inextricably linked."  Id. at 829-30.  In contrast, the Ninth Circuit has affirmed an ALJ's undiscussed finding that a claimant's impairments did not equal a listed impairment where "unlike the claimant[] in Lester ... [the claimant] has offered no theory, plausible or otherwise, as to how his seizure disorder and mental retardation combined to equal a listed impairment."  Lewis, 236 F.3d at 514.

Here, Rodenberger has argued that his impairments of organic brain disorder and affective disorder equal §§ 12.02 or 12.04 in the Listings of Impairments.  It is apparent that the ALJ did in fact consider these two mental disorders together and then concluded that the impairments neither met or equaled §§ 12.02 or 12.04.  Tr. at 22-23.  Accordingly, the ALJ did not err in considering medical equivalency to a listed impairment of Rodenberger's mental impairments.

Rodenberger has offered no theory or argument that his physical impairments, in

-11-

combination with his mental impairments, equal a listed impairment. Thus, the ALJ did not err in failing to consider expressly this combination in his opinion, though such consideration would be helpful to the reviewing court. See Lewis, 236 F.3d at 514.

## VI.   CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the final decision of the Commissioner be **VACATED** and this case **REMANDED** for proper consideration of lay witness evidence favorable to Rodenberger as set forth above.

**IT IS ORDERED** that the Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed within ten (10) days after receipt hereof, or objection is waived.

DATED this 2nd  day of April, 2008.

Carolyn S. Ostby
United States Magistrate Judge

-12-