FILED
BILLINGS DIV.
2008 JUL 7 AM 10 16
PATRICK E. DUFFY
BY _____
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ARTHUR M. RODENBERGER, ) | |
| ) | CV-07-99-BLG-RFC-CSO |
| Plaintiff, ) | |
| vs. ) | |
| ) | ORDER ADOPTING FINDINGS |
| MICHAEL J. ASTRUE, Commissioner of ) | AND RECOMMENDATIONS |
| Social Security, ) | OF U.S. MAGISTRATE JUDGE |
| ) | |
| Defendants. ) | |

On April 2, 2008, United States Magistrate Judge Carolyn Ostby entered her Findings and Recommendation with respect to Rodenberger's motion for summary judgment (*Doc. 12*) and the Commissioner's motion for summary judgment (*Doc. 19*). *Doc. 23*. Magistrate Judge Ostby recommends that the final decision by the Social Security Commissioner be vacated and the case be remanded for proper consideration of lay witness evidence favorable to Rodenberger.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, the Commissioner filed objections on April 15, 2008. *Doc. 24*. These objections require this Court to make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 635(b)(1).

Rodenberger filed this action to obtained judicial review of the Commissioner of Social Security's determination, upon continuing disability review, that Rodenberger was no longer disabled. Rodenberger seeks a reversal of the Commissioner's decision, or alternatively, a remand for a new hearing. Magistrate Judge Ostby recommended that this matter be remanded to the Commissioner because the Administrative Law Judge ("ALJ") erred in failing to consider

1

and comment on (1) the testimony of Barbara Capito, who provided testimony favorable to Rodenberger as to his symptoms and limitations, and (2) a letter by Department of Public Health and Human Services Certified Rehabilitation Counselor Colleen Brushard, which stated that Rodenberger's employment options were very limited.

Lay testimony as to Rodenberger's symptoms or how an impairment affects his ability to work is competent evidence which cannot be disregarded without comment by the ALJ. *Stout v. Comm. Social Security Admin.,* 454 F.3d 1050, 1053 (9th Cir. 2006). This means that if the ALJ "wishes to discount the testimony of lay witnesses, he must give reasons that are germane to each witness." *Id.* (*quoting Dodrill v. Shalala,* 12 F.3d 915 (9th Cir 1993). Significantly, "where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout,* 454 F.3d at 1056.

Here, the Commissioner admits "ALJ did not expressly provide reasons for discounting Barbara Capito's and Colleen Brushard's statements in his decision ..." *Doc. 24, page 6.* Therefore, harmless error analysis cannot be considered unless no reasonable jury could have reached a different disability determination. *Stout, supra.* In light of Capito's testimony that Rodenberger (1) could not be around people without becoming antsy, (2) could not concentrate and remain on task, and (3) gets confused and has a very short concentration level, Magistrate Judge Ostby rightfully concluded that no reasonable ALJ could have reached a different disability determination. Similarly, Ms. Brushard was of the opinion that Rodenberger's employment options were "not very good" because he his personality disorder and traumatic

2

brain injury interfered with his ability to get along with others and to organize his activities and attend to business. This is also evidence from which a reasonable ALJ could reach a different decision.

The Commissioner objects on the ground that lay witness testimony can be properly discounted if it is inconsistent with other evidence in the record, citing *Lewis v. Apfel,* 236 F.3d 503, 512 (9th Cir. 2001). However, in *Lewis,* the ALJ's decision noted that he "carefully considered the testimony of the claimant and the family members," but determined that "the documented medical history and findings and prior recorded statements are contrary to the testimony." 236 F.3d at 511. For that reason, *Lewis* is distinguishable and the Commissioner's objection is not well-taken.

Accordingly, Magistrate Judge Ostby correctly concluded that the ALJ failed to explain his reasons for disregarding the lay witness testimony. The Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and are adopted in their entirety.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment (*Doc. 12*) is **GRANTED** and Defendant's Motion for Summary Judgment (*Doc. 19*) is **DENIED**: the final decision of the Commissioner is **VACATED** and this case is **REMANDED** for proper consideration of lay witness evidence favorable to Rodenberger as set forth in the Findings and Recommendation.

The Clerk of Court is directed to enter judgment accordingly.

DATED this 3rd day of July, 2008.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE